Dykman, J.
—This is an appeal from an order made at a. special term of this court, adjudging the defendant Barnes-guilty of contempt for aiding and abetting the defendants Post "and Diosway in their contempt in willfully disobeying the order of this court.
An order was made requiring the defendant Barnes and others to show cause why they should not be punished for contempt, and on the return of that order an order was-, made adjourning the motion to October 20, 1888, and directing the parties to attend at the court on the last named, day with their witnesses, and that the testimony of such witnesses, and such documentary proof as might be then produced by either party in respect to the charges made against said Barnes-in the moving papers be taken in open court.
*55 No opposition or objection was made to that order. The motion was subsequently adjourned to October 27, 1888, and on that day the counsel for plaintiffs and for defendant Barnes both appeared, and testimony was taken before the judge in open court, and thereupon an order was made which adjudged the defendant Barnes guilty of the misconduct alleged against him in the moving papers, and that he had aided and abetted the other two defendants in their •contempt and wilful disobedience of the order of this •court.
A fine was imposed upon him of $250, and he was also committed to the county jail for six months. No objection was lodged against the order for taking testimony or against the taking of the testimony in that way, or to the mode of procedure in any way at any stage of the proceedings, and it seems to have been assumed, that all the proceedings in that respect were assented to by the defendant Barnes. No appeal was made from the order for taking the testimony until the time had expired, and then an order was made at special term permitting the defendant Barnes to amend his notice of appeal from the order inflicting his punishment for contempt, so as to bring up for review the first order.
The first objection made to the final order is this: The preliminary order commanded Barnes to show cause why he' should not be punished for contempt in refusing to transfer stock, in compliance with the final judgment in .this action, and why the plaintiff should not have such other and further relief, whereas the final order for punishment was based upon a charge of aiding and abetting the officers of the company in their contumacy, and that variance is now claimed to be fatal. The final order was made after a full hearing, when all the parties were before the court, and is not beyond the scope of the preliminary order which •did require Barnes to show cause why he should not be punished for alleged offense of contempt, and the objection cannot prevail.
Again, it is insisted that the whole proceeding was erroneous because the judge received testimony on the hearing •of the motion. We are by no means prepared to yield assent to the claim of error here put forth as a proposition of, law; but we are not required to decide the question because the defendant is not in a position to raise it. The ovder for oral testimony was made, and the testimony taken without objection, and the defendant being present by his •counsel must be deemed to have assented to the proceeding, and to have waived all objection which might have been made thereto.
The legal view, therefore, is, the whole proceeding was by consent. There was no compulsory obedience to the *56 order for oral proof, and the parties appeared voluntarily and the testimony was taken, and it would be quite unjust: to the plaintiff to permit an objection after such voluntary acquiescence in the proceedings.
Upon the merits we find the conviction wefi sustained and fully justified.
The proceedings show the infusion of the master will of Barnes to control the other defendants, and especiaEy the defendant Post, to whom he furnished pecuniary aid as well as strength of purpose, to resist the 'judgment and orders of the court. Entering the company upon the selection of others, under an agreement or understanding to resign on request, and permitted to qualify himself for a director by subscription for stock without paying therefor, the defendant Post has been from the first entirely subservient to the wishes of Barnes, sustained by his care, and moulded by his will, without freedom of thought or independence of action. We are prepared to sustain the conviction; and although the question of punishment is involved in some obscurity in all these cases of civil contempt, yet we think the punishment imposed on this defendant is neither beyond the requirement of the offense, nor the authority of the statute.
Aiding and assisting others in the violation and defiance of the orders of the court, amounts to a civil contempt, and may be punished as such. 64 N. Y., 624.
A civil contempt may be punished by both fine and imprisonment and if the act or duty cannot be performed then the imprisonment may not exceed six months and until the fine is paid. 101 N. Y., 245.
It was the duty of the defendant Barnes to refrain from evil, and exert no malign influence upon his co-defendants, and for a failure of duty in that respect he has been punished. That duty cannot now be perfomed and he may. now be punished for his violation of the private rights of the defendants, and even though there be in such imprisonment a trace of the element of punishment, yet such punishment may be imposed to check similar violations in • the future. 101 N. Y., 247.
_ The order should be affirmed with ten dollars costs and disbursements.
Pratt, J., concurs; Barnard, P. J., not sitting.